UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANGELA ROSE RAMSAY,

       Plaintiff,

 -against-            7:12-CV-0506 (LEK/ATB)

CAROLYN W. COLVIN,
acting Commissioner of Social Security,[1]

       Defendant.

---

# DECISION and ORDER

## I. INTRODUCTION

This matter comes before the Court following a Report-Recommendation filed on April 22, 2013, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d) of the Northern District of New York. Dkt. No. 12 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Angela Rose Ramsay ("Plaintiff"), which were filed on May 8, 2013. Dkt. Nos. 13 ("Objections"). For the following reasons, the Court approves and adopts the Report-Recommendation in its entirety.

## II. BACKGROUND

### A. Procedural History

On November 17, 2009, Plaintiff protectively filed for Disability Insurance Benefits ("DIB"), alleging disability with an onset date of March 1, 2005. Dkt. No. 7 ("Transcript") at 129.

---

[1] The Clerk of the Court is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for Defendant Michael J. Astrue and amend the caption accordingly. See FED. R. CIV. P. 25(d).

Plaintiff alleges disability stemming from: migraine headaches, neck pain from cervical spine degenerative disc disease, back pain from lumbar spine degenerative disc disease, hand pain from carpal tunnel syndrome, and foot pain from plantar fasciitis and heel spurs. Id. at 134. Plaintiff was last insured on September 30, 2010. Id. at 130. Plaintiff's claims were initially denied on March 3, 2010. Id. at 66. Plaintiff filed a written request for a hearing on April 21, 2010. Id. at 74. Plaintiff appeared before an Administrative Law Judge ("ALJ") who denied Plaintiff's claim in a decision dated June 14, 2011. Id. at 94, 14-24. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on January 27, 2012. Id. at 1-3.

Plaintiff filed her appeal in this matter on March 20, 2012. Dkt. No. 1 ("Complaint"). In his Report-Recommendation, Judge Baxter recommends that the Court deny Plaintiff's appeal.

### B. Factual Background

The Court presumes the parties' familiarity with the facts underlying this case. For a complete statement of the facts, reference is made to the Administrative transcript and to Plaintiff's statement of the case in her Brief, which has been adopted by the Commissioner. Dkt. Nos. 9 ("Plaintiff's Brief") at 1-16; 11 ("Defendant's Brief") at 1-3.

### III. LEGAL STANDARDS

#### A. Review of Magistrate's Report-Recommendation

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters,

167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). A district court also "may receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b)(3).

**B. Review of the ALJ's Determination**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, a reviewing court will reverse the Commissioner's determination only if the correct legal standards were not applied or if the determination was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see also Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

3

The substantial evidence standard requires evidence amounting to "more than a mere scintilla" and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). If the evidence is deemed susceptible to more than one rational interpretation, then the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). That is, a court must afford the Commissioner's determination considerable deference and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984) (citing Bastien v. Califano, 572 F.2d 908, 912 (2d Cir. 1978)).

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act.[2] See 20 C.F.R.

---

[2] This five-step process is detailed as follows:
> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed

4

§§ 416.920, 404.1520.  The United States Supreme Court recognized the validity of this analysis in

Bowen v. Yuckert, and the five-step process remains the proper approach for analyzing whether a

claimant is disabled.  482 U.S. 137, 140-42 (1987).  While the claimant has the burden of proof as

to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See id.

at 146 n.5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir. 1984).  The final step of the inquiry is, in turn,

divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by

considering his or her physical ability, age, education, and work experience.  Second, the

Commissioner must determine whether jobs exist in the national economy that a person having the

claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(g),

404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460 (1983).

## IV. DISCUSSION

In the Report-Recommendation, Judge Baxter specifically addresses three arguments raised

by Plaintiff: "(1) The ALJ erred when she found plaintiff's migraine headaches and plantar

fasciitis/heel spur syndrome were not severe impairments.  (2) The ALJ failed to properly weigh the

medical evidence.  (3) The ALJ failed to properly assess plaintiff's RFC."  Report-Rec. at 7 (citing

Pl.'s Br. at 2).  Based on his analysis of the record, Judge Baxter recommended that the Court

should reject each of these arguments and deny Plaintiff's appeal.

In her Objections, Plaintiff argues that Judge Baxter erred in rejecting each one of her prior

---

        impairment, the fourth inquiry is whether, despite the claimant's severe
        impairment, he has the residual functional capacity to perform his past
        work.  Finally, if the claimant is unable to perform his past work, the
        [Commissioner] then determines whether there is other work which the
        claimant could perform.
Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982); see also Rosa v. Callahan, 168 F.3d 72, 77
(2d Cir. 1999); 20 C.F.R. §§ 416.920, 404.1520.

arguments. See generally Obj. Plaintiff divides her Brief into three sections based on three numbered objections, with each objection identified as relating to one third of the argument section of the Report-Recommendation. Id. While Plaintiff's arguments are certainly detailed, they also are nearly identical to those already presented to Judge Baxter. Compare id., with Pl.'s Br. The same legal and factual and factual arguments that Plaintiff used to assert that the ALJ had committed error are restated in the Objections as the alleged basis for the Magistrate Judge's error. To the extent that the Objections contain slightly different formulations of the arguments raised in Plaintiff's Brief, they rely entirely on the same contentions. As a result, the Court reviews the Report-Recommendation only for clear error and finds no such error. See Farid, 554 F. Supp. 2d at 307.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 12) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for Defendant Michael J. Astrue and amend the caption accordingly. See FED. R. CIV. P. 25(d); and it is further

**ORDERED**, that the Clerk of the Court close the case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:     May 29, 2013
           Albany, New York

Lawrence E. Kahn
U.S. District Judge